# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv271

| | |
|---|---|
| SOUTHERN REGION INDUSTRIAL, REALTY, INC., and NORFOLK SOUTHERN RAILWAY COMPANY, <br><br>　　Plaintiffs, <br><br>v. <br><br>MICHAEL DEAN ROBERTS, and wife, APRIL DAWN ROBERTS, and EARL ROBERTS and wife, JACKIE ROBERTS a/k/a/ JACKSIE ROBERTS, <br><br>　　Defendants. | **MEMORANDUM AND RECOMMENDATION** |

Pending before the Court is Defendants' Motion to Dismiss [#7]. This action arises out of a dispute over Plaintiffs' continued use of an access road that traverses Defendants' property. After Defendants withdrew their permission for Plaintiffs to use this road, Plaintiffs brought this action for a declaratory judgment, a prescriptive easement, and injunctive relief. Defendants move to dismiss the Complaint in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). In addition, Defendants move to dismiss Count I for declaratory judgment and Count III for injunctive relief for failure to state a claim pursuant to Rule 12(b)(6). The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the

Motion to Dismiss.

I.  **Background**

Plaintiff Southern Region Industrial Realty, Inc. ("Southern Region") is a Georgia corporation with its principal place of business in Virginia. (Pls.' Compl. ¶ 2.) Plaintiff Southern Region owns and maintains real property and rights-of-way for the use and benefit of Plaintiff Norfolk Southern Railway Company ("Norfolk Southern"). (Id. ¶ 11.) Plaintiff Norfolk Southern is a Virginia corporation with its principal place of business in Virginia. (Id. ¶ 3.) Plaintiff Norfolk Southern owns and operates railroad lines in the Eastern United States, including North Carolina. (Id. ¶ 10.)

One of the parcels of property owned by Plaintiff Southern Region is located on Barnett Mountain in North Carolina. (Id. ¶12.) Defendants, who are all citizens of North Carolina, own adjoining property near the base of Barnett Mountain. (Id. ¶¶ 5-6, 20.) Plaintiff Southern Region purchased this property in 1977 in order to construct and operate a microwave communication relay tower on the property. (Id. ¶¶ 12-13.) Since the tower's completion in 1977, Plaintiffs have continuously used it to, among other things, communicate with other trains and the district and regional railroad facilities regarding train traffic, location, and track conditions. (Id. ¶¶ 15-17.) Plaintiffs contend that this tower is necessary to the operation of

Norfolk Southern's rail lines, and that it would be very difficult, if not impossible, to continue operating the rail lines in this region for a prolonged period without the tower. (Id. ¶¶ 15-16.)

In order to maintain the operation of the tower, Plaintiffs must access its property by vehicle, inspect the tower, and perform all maintenance and repairs that it may need. (Id. ¶¶ 18-19.) The only vehicular access to the property, however, is an existing access road that travels over property owned by Defendants. (Id. ¶ 20.) Plaintiffs have used this access road since it purchased the property in 1977 for vehicular access to the property. (Id. ¶ 21.) Plaintiffs contend that it has used this road continuously since 1977 without the express or implied permission of the owners, including Defendants. (Id. ¶¶ 22, 26-27.)

On October 26, 2010, an attorney for Defendants informed Plaintiffs that they had been using the access road since 1977 subject to a permissive license, and that Defendants were withdrawing their permission for Plaintiffs to use the road. (Id. ¶¶ 24-25; Ex. A to Pls.' Compl. at 1.) In addition, Defendants informed Plaintiffs that any use of the access road by Plaintiffs after November 18, 2010, would be deemed an intensional trespass. (Pls.' Compl. ¶ 25; Ex. A to Pls.' Compl. at 1.) Defendants indicated their willingness to negotiate terms for a perpetual or limited easement for the road. (Ex. A to Pls.'s Compl.) On November 19, 2010, Plaintiffs brought this

action asserting three claims for relief.

In Count I, Plaintiffs seek a declaratory judgment that they are the owners of a prescriptive easement or other right-of-way across the access road owned by Defendants. (Pls.' Compl. ¶ 35.) In addition, Plaintiffs request a declaratory judgment that the use of the access road shall not constitute a trespass and that any claim of intentional trespass would be preempted by the Interstate Commerce Commission Termination Act ("ICCTA"). (Id.) Finally, Plaintiffs request a declaratory judgment that "Defendants do not have the right to interfere in any manner with Plaintiffs' use of the Access Road . . . ." (Id.)

Plaintiffs assert a claim for a prescriptive easement across the access road in Count II. (Id. ¶¶ 36-45.) In Count III, Plaintiffs assert a claim for injunctive relief. (Id. ¶¶ 46-48.) Specifically, Plaintiffs contend that they are "entitled to a permanent injunction . . . preventing Defendants from interfering with the rights of Plaintiffs . . . to free and unencumbered access to the Barnett Mountain Property . . . ." (Id. ¶ 48.) Plaintiffs Complaint does not seek monetary damages.

Defendants moved to dismiss the Complaint in its entirety for lack of jurisdiction. In addition, they contend that Counts I and III should be dismissed for failure to state a claim.[1] Defendants' motion is now properly before the Court.

---

[1] Defendants' Motion to Dismiss does not separately address the claim for injunctive relief; Defendants do not set forth any reason separate from its argument regarding the

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct.

---

declaratory judgment claims for why the claim for injunctive relief is subject to dismissal. Accordingly, the Court will not independently analyzes this claim.

1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. \_\_\_\_, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

**A. Subject Matter Jurisdiction**

Plaintiffs assert subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332(a)(1), which provides that federal courts shall have jurisdiction over civil actions between the citizens of different States where the amount in controversy exceeds $75,0000. It is undisputed that this case involves citizens of different states. Accordingly, the only question for the Court is whether this action satisfies

the amount in controversy requirement.

Generally speaking, courts determine the amount in controversy by reference to the sum claimed by a plaintiff in the complaint. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010); Wiggins v. North Am. Life Assurance Co., 644 F.2d 1014, 1016-17 (4th Cir. 1981); see also Nutter v. Rents, Inc., 945 F.2d 398, 1991 WL 193490, at *4 (4th Cir. 1991) (unpublished). "Defendants, seeking dismissal of diversity actions for lack of a sufficient amount in controversy, must therefore shoulder a heavy burden." JTH Tax, 624 F.3d at 638. A defendant must show "the legal impossibility of recovery to be so certain as virtually to negate the plaintiff's good faith in asserting the claim." Id. (internal quotations omitted). This rule applies equally to actions seeking declaratory or injunctive relief. See Hunt v. Washington State Apple Adver. Comm'n, 423 U.S. 333, 346-47, 97 S. Ct. 2434, 2443 (1997); JTH TAX, 624 F.3d at 639-40 ("For our purposes, all that matters is that we cannot say *with legal certainty* that [plaintiff's] injunction is worth less than the requisite amount."); 14AA Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3708 (4th ed. 2009).

As the United States Supreme Court has explained, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy

is measured by the value of the object of the litigation." Hunt, 432 U.S. at 347, 97 S. Ct. at 2443.  Here, the object of the litigation is the right of Plaintiffs to use the access road in order in order to reach the tower contained on their property.  The value of this right is determined by the pecuniary result to either Plaintiffs or Defendants from a judgment in this case.  Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002); see also JTH Tax, 624 F.3d at 639.

The Complaint alleges that the amount in controversy in this action exceeds $75,000.00.  (Pls.' Compl. ¶ 7.)  The Court cannot say with legal certainty that a determination that Plaintiffs have a prescriptive easement across the access road is worth less than the jurisdictional amount.  See JTH Tax, 624 F.3d at 639-40.  The tower located on the Barnett Mountain Property is critical to the operation of Norfolk Southern's rail lines in this region, and the railroad cannot operate for an extended period without the tower's operation. (Pls.' Compl. ¶¶ 15-16.)  Vehicular access to the tower is necessary for the operation of the tower (id. ¶ 29), and the access road at issue provides the only vehicular access to the Barnett Mountain Property  (id. ¶ 30).  If the Court finds that Plaintiffs do not have a prescriptive easement then they would need to either build a new tower on another location, purchase property adjacent to the tower and build a new access road, or negotiate a payment with Defendants for the right to use the access road.  The value to

Plaintiffs of a judgment in this case, therefore, likely exceeds the $75,0000 threshold as alleged in the Complaint. Accordingly, the Court **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss for lack of subject of matter jurisdiction.

B.  **Plaintiffs' Claims for Declaratory Judgment**

In addition to their claim for a prescriptive easement, Plaintiffs assert a claim for declaratory relief.[2] Specifically, Plaintiffs contend they are entitled to four declarations from the Court:

(1)  That Plaintiffs are the owners of a prescriptive easement or other lawful right of way across the access road owned by Defendants.

(2)  That Plaintiffs and their employees, agents, etc. are entitled to free and unencumbered use of the Plaintiffs' prescriptive easement, and Plaintiffs use shall not constitute a trespass or other violation of Defendants' rights.

(3)  That any claim of intentional trespass by Defendants against Plaintiffs is pre-empted by the ICCTA.

(4)  Defendants do not have a right to interfere in any manner with Plaintiffs' use of the access road.

---

[2] Although Plaintiffs assert their claim for declaratory judgment as one separate count, they assert claims for four separate declarations.

Defendants move to dismiss each of these claims.

Pursuant to the Federal Declaratory Judgment Act, a federal court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. A federal court may exercise jurisdiction over a declaratory action where: (1) the complaint alleges an actual controversy between the parties; (2) the court has an independent basis for jurisdiction over the parties; (3) and the exercise of jurisdiction is not an abuse of discretion. Volvo Construc. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 592 (4th Cir. 2004); Am. Motorists Ins. Co v. CTS Corp., 356 F. Supp. 2d 583, 284-85 (W.D.N.C. 2005) (Thornburg, J.). The Court has already determined that it has an independent basis for jurisdiction over the parties. The question for the Court, therefore, is whether the declaratory judgment portion of this case satisfies the first and third prongs.

The first prong is a constitutional inquiry. "A case meets the actual controversy requirement only if it presents a controversy that qualifies as an actual controversy under Article III of the Constitution." Volvo Construc. Equip., 386 F.3d at 592. An actual controversy exists where a plaintiff seeks a declaratory judgment in order to avoid the accrual of potential damages for prior actions. Id. at 593. In addition, the controversy must be ripe for judicial resolution. Charter Fed.

Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 208 (4th Cir. 1992); Sigram Schindler Beteiligungsgesellschaft MBH v. Kappos, 675 F. Supp. 2d 629, 635-36 (E.D. Va. 2009); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2757 (3d ed. 1983). To determine whether a case is ripe, the Court must balance the fitness of the issues for judicial decision with the hardship on the parties if the Court declined to consider the case. Miller v. Brown, 462 F.3d 312, 319 (4th Cir. 2006). "A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." Id. at 319.

Plaintiffs' request for a declaration that any claim of intentional trespass by Defendants against Plaintiffs is pre-empted by the ICCTA does not present an actual controversy that is ripe for adjudication. Although Defendants have asserted ownership of the access road and informed Plaintiffs that they consider their current use of the road unauthorized, Defendants have not brought claims against Plaintiffs for trespass. In fact, if Plaintiffs are correct that they have a legal right to use the access road, then Defendants would not even be able to maintain a claim for trespass against them. See Singleton v. Haywood Elec. Membership Corp., 588 S.E. 2d 871, 874 (2003) (holding that civil trespass requires the unauthorized entry by a defendant onto plaintiff's property). Put simply, there are too many legal

-11-

uncertainties surrounding this issue. Moreover, little hardship will befall Plaintiffs if the Court does not consider this issue. Plaintiffs seemingly acknowledge as much in their Response to Defendants' Motion to Dismiss by declaring that a declaration that the ICCTA preempts any claim for trespass "is certainly not necessary for Plaintiff's declaratory judgment claim." (Pls.' Br. Opp'n Mot. Dismiss at 15.) Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS without prejudice** Plaintiffs' claim for a declaratory judgment that the ICCTA preempts a claim for trespass.

Defendants contend that the Court should dismiss the remaining claims for a declaratory judgment because there is no legal dispute between the parties, and the Complaint only presents factual questions that should be resolved by a jury on Plaintiffs' claim for a prescriptive easement. Thus, they contend that declaratory relief is improper because the claims fail to satisfy the actual controversy requirement. In support of this position, Defendants rely on Newton v. State Farm Fire and Cas. Co., 138 F.R.D. 76 (E.D. Va. 1991). In Newton, the United States District Court for the Eastern District of Virginia determined that the declaratory judgment claim brought by plaintiff was subject to dismissal because it would not clarify the legal rights or obligations of the parties; the complaint requested only clarification of factual disputes between the parties and did not present a legal

dispute of sufficient immediacy and reality to warrant the continuation of both the breach of contract and declaratory judgment claims. 138 F.R.D. at 78-79.

In contrast to Newton, Plaintiffs' declaratory judgment claim may help define the legal relationship between the parties in this case. For example, if a jury determined that based on the facts of this case Plaintiffs have some legal right to use the road, a declaratory judgment may be beneficial to define and clarify the legal rights of the parties regarding access to the road, thus avoiding uncertainty about those rights. See e.g. Volvo Constr. Equip., 386 F.3d at 594. Although Defendants are correct that a declaratory judgment claim is not the proper vehicle for resolving a purely factual dispute between parties, at this stage of the proceedings, the Court cannot say as a matter of law that Plaintiffs' request for a declaratory judgment serves no useful purpose and will not clarify the legal rights and obligations of the parties regarding the use of the access road. See Newton, 138 F.R.D. at 79. The remaining claims for declaratory relief present an actual controversy.

The exercise of jurisdiction under the Declaratory Judgment Act, however, is not mandatory, and even where a court possess independent jurisdiction and an actual controversy exists, the Court may decline to exercise jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 296-97 (4th

Cir. 2005); White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 913 F.2d 165, 168 (4th Cir. 1990); Volvo Constr. Equip., 386 F.3d at 594. "[A] district court is obliged to rule on the merits of a declaratory judgment action when declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Volvo Constr. Equip., 386 F.3d at 594 (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). Where a plaintiff seeks relief in addition to a declaratory judgment that must be addressed, "then the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated . . . ." Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 466 (4th Cir. 2005); see also Great Am. Ins. Co. v. Gross, 468 F.3d 199, 210 (4th Cir. 2006).

Although Defendants contend that the Court should exercise its discretion and decline to exercise jurisdiction over the remaining declaratory judgment claims, the benefit in this case from doing so is minimal because Plaintiffs seek relief in addition to a declaratory judgment. See Chase Brexton, 411 F.3d at 466; Great Am. Ins., 468 F.3d at 210. Moreover, unlike the majority of cases where the Court declines to exercise jurisdiction over a declaratory judgment action, the Court is aware of no pending parallel state court proceedings. See e.g. New Wellington, 416

F.3d at 296-98 (holding that district court did not abuse its discretion in declining to exercise jurisdiction where related state court action was pending). Here, the declaratory judgment claims are so intertwined with Plaintiffs' other claims that judicial economy warrants exercising jurisdiction over the claims for declaratory relief. See Chase Brexton, 411 F.3d at 466-67. Accordingly, the Court **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss the remaining declaratory judgment claims.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** Defendants' Motion to Dismiss [#7]. The Court **RECOMMENDS** that the District Court **GRANT** the motion as to Plaintiffs' claim for a declaratory judgment that any trespass claim brought by Defendants would be preempted by the Interstate Commerce Commission Termination Act. The Court **RECOMMENDS** that the District Court **DENY** the motion as to the remaining claims.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.

**Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: May 10, 2011

Dennis L. Howell
United States Magistrate Judge